UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAVIER QUINATOA BENALCAZAR,<br>Petitioner,<br>v.<br>MURRAY, et al.,<br>Respondents. | No. 1:26-cv-07519-DC-CKD (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 1, 2) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). A petitioner must be "incarcerated—or, as here, in [immigration] custody—at the time a habeas petition is filed." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Noncitizens admitted to the United States pursuant to a visa are subject to discretionary detention under 8 U.S.C. § 1226(a) if they "overstay or violate the terms of their visa[]" or lawful nonimmigrant status. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. July 30, 2026) ("Section 1226 refers generally to [noncitizens], without limitation.

Because § 1226 is not limited to [noncitizens] deemed applicants for admission, the [noncitizens] subject to § 1226 include other [noncitizens], such as admitted [noncitizens] who overstay or violate the terms of their visas.") (citation modified).

Further, this court has previously addressed the legal issues raised by Count One of the petition. (Doc. No. 1 at 18–19.) Specifically, this court has held that noncitizens admitted to the United States pursuant to a visa, but not detained within a reasonable time after the expiration of their lawful status, develop a vested liberty interest in remaining free from detention such that due process forbids the government from detaining the noncitizen unless they are first provided with adequate notice and a pre-deprivation hearing before a neutral arbiter at which bond must be considered. *See Oliveira Tinoco v. Albarran*, No. 1:26-cv-05505-DC-CKD, 2026 WL 2949219, at *5–7 (E.D. Cal. Oct. 1, 2026) (granting motion for temporary restraining order and petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed her visa be returned to the status quo ante litem); *Kaur v. Chestnut*, No. 1:26-cv-05349-DC-CSK, 2026 WL 2790742, at *1 (E.D. Cal. Sept. 17, 2026) (adopting findings and recommendations, granting petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed their visa be released immediately); *Zhou v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-05774-DC-CSK, 2026 WL 2825584, at *1 (E.D. Cal. Sept. 21, 2026) (same).

On September 17, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc. No. 5.) The court also directed Respondents to address whether there are any factual or legal issues in this case that materially distinguish it from this court's prior decision in *Kaur*, 2026 WL 2790742, and analogous decisions by other courts in *Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441 (N.D. Cal. Feb. 25, 2026) and *Kalkan v. Chestnut*, No. 1:26-cv-02028-DAD-EFB, 2026 WL 788112, at *1 (E.D. Cal. Mar. 20, 2026). (*Id.*)

On September 19, 2026, Respondents filed their opposition to Petitioner's motion for temporary restraining order in which they oppose Petitioner's motion on the same grounds as

those addressed in *Kaur*, *Kharitonova*, and *Kalkan*, but acknowledge that "[t]he instant matter does not appear to be substantially different than the cases cited by the court in its minute order." (Doc. No. 6.) Respondents also indicated that they "do not oppose the court ruling directly on the petition if the Court provides Respondents a reasonable opportunity to obtain and file any relevant records and a supplemental brief, as needed." (*Id.* at 1 n.1.) On September 22, 2026, the court granted Respondents additional time to file a supplemental brief or notice of intent not to file a supplemental brief. (Doc. No. 8.) On September 25, 2026, Respondents filed a notice of intent not to file a supplemental brief within which they confirmed that they "stand on their [earlier] briefing." (Doc. No. 9.) In his reply brief, Petitioner indicated that he does not oppose the court ruling on the underlying petition. (Doc. No. 7.)

Because Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the aforementioned decisions, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 2) and petition for writ of habeas corpus (Doc. No. 1) as to Count One for the reasons set forth in the court's order in *Oliveira Tinoco*.[1] *See Oliveira Tinoco*, 2026 WL 2949219, at *4–7. Further, as the court found in *Oliveira Tinoco*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's return to the "status quo ante litem, meaning [Petitioner's] last uncontested status immediately preceding detention." *Id.* at *6 (citation modified).

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 2) are GRANTED as follows:

---

[1] Because the court is granting the petition on the due process claim (Count One), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

a. Petitioner Danny Javier Quinatoa Benalcazar (A-222-573-960) shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his detention in August 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

2. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

/////

/////

/////

/////

/////

/////

3. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 5, 2026**

Dena Coggins
United States District Judge